```
                   UNITED STATES DISTRICT COURT
                             FOR THE
                   WESTERN DISTRICT OF NEW YORK

LIBERTY MUTUAL INSURANCE      )
COMPANY and LIBERTY MUTUAL    )
INSURANCE GROUP, INC.,        )
                              )
     Plaintiffs,              )
                              )
          v.                  )     Case No. 17-cv-1152
                              )
MICHAEL GUERESCHI, SHANON     )
LEBEL, and LFA GROUP, LLC,    )
                              )
     Defendants.              )
```

**OPINION AND ORDER**

Plaintiffs Liberty Mutual Insurance Company and Liberty Mutual Group Inc. (collectively "Liberty Mutual") bring this action for damages and injunctive relief against Liberty Mutual's former sales representative Michael Guereschi, his business associate Shanon Lebel, and LFA Group, LLC. The Complaint alleges an unlawful conspiracy to steal Liberty Mutual clients/policyholders, and breaches of certain employment contracts. Pending before the Court is Plaintiffs' motion to compel responses to their first set of interrogatories. For the reasons set forth below, the motion to compel is granted in part and denied in part.

**Factual Background**

As alleged in the Complaint, Guereschi began working as a sales representative for Liberty Mutual in 2003. Liberty Mutual

claims that he derived substantial benefit from its marketing and advertising resources, as well as policyholder referrals. Liberty Mutual also alleges that Guereschi generated information from its existing or prospective policyholders, which information the company considers highly confidential and valuable.

The Complaint claims that Guereschi agreed to ensure the confidentiality of such information in the event of his termination.  Specifically, Liberty Mutual required employees to execute confidentiality agreements, return-of-information clauses, and restrictive covenants designed to protect against improper disclosures.  Guereschi also allegedly agreed to certain limited non-competition provisions, including agreements to refrain from selling, attempting to sell, or soliciting the purchase of products or services of the kind offered by Liberty Mutual, and agreed not to communicate with any policyholder or prospective policyholder about reducing or cancelling their Liberty Mutual insurance policy.

In November 2016, Liberty Mutual terminated Guereschi's employment.  After his termination, Guereschi was hired by Defendant LFA Group, LLC ("LFA") to serve as an agent for Allstate, a Liberty Mutual competitor.  Liberty Mutual claims that after Guereschi joined Allstate, several Liberty Mutual policyholders cancelled their insurance and bought replacement

2

policies from Guereschi's office.  Liberty Mutual asserts, upon information and belief, that Guereschi induced or assisted with those cancellations.  Guereschi reports that he worked for LFA from March 15, 2017 to April 26, 2019, and has not worked in the insurance industry since that date.

Liberty Mutual's initial interrogatories asked Guereschi to disclose all Liberty Mutual customers whom he solicited and/or to whom he sold policies after his termination.  Guereschi allegedly responded with a list of approximately 70 names.  Liberty Mutual reports that records subpoenaed from Allstate and Guereschi's phone carrier revealed over 250 additional Liberty Mutual customers with whom Defendants had communications.

The disputes at issue in the pending motion to compel arise out of Liberty Mutual's claim that Defendants' actions, including contacting Liberty Mutual clients ("Restricted Persons") after Guereschi left Liberty Mutual violated Guereschi's non-solicitation, non-disparagement and confidentiality agreement ("Agreement").  Defendants allege that their actions did not violate the Agreement.  Defendants have also argued that the agreements are unenforceable, although the Court has denied those arguments as premature.  ECF No. 26.

The motion to compel pertains to seven requests propounded upon Guereschi and LFA.  Those requests seek information about:

(1) the identity of Restricted Persons and communications with those people after Guereschi left Liberty Mutual;

(2) all communications between Guereschi and anyone else after his departure from Liberty Mutual concerning (a) his leaving Liberty Mutual, (b) Defendant Lebel or LFA, (c) Guereschi's new contact information, and (d) insurance, including specifically Guereschi's quoting or sale of insurance;

(3) the Agreement;

(4) documents Guereschi took with him when he left Liberty Mutual, including customer information;

(5) policies quoted to Liberty Mutual customers after Guereschi left Liberty Mutual;

(6) policies sold to those customers; and

(7) compensation received by Defendants as a result of those sold policies.  Liberty Mutual contends that Defendants' responses on these items are inadequate.  Liberty Mutual also argues that Defendants cannot assert general objections without tying them to individual interrogatories, that Guereschi's assertions should be attested to under oath, and that any information not disclosed in the course of discovery should be barred from admission in the case.

## Discussion

Motions to compel are "entrusted to the sound discretion of the district court," *United States v. Sanders*, 211 F.3d 711, 720

(2d Cir.), *cert. denied*, 531 U.S. 1015 (2000), and "[a] trial court enjoys wide discretion in its handling of pre-trial discovery," *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citations and quotation marks omitted). Rule 26 of the Federal Rules of Civil Procedure allows parties to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## I. Communications with Restricted Persons

Defendants' responses pertaining to communications with Restricted Persons were initially called into question when Liberty Mutual, after issuing subpoenas to third parties, identified an additional 250 such persons. Defendants do not contest the additional names, but have reportedly provided little information about communications with those persons. Guereschi contends that he did not keep records on people to whom he did not sell insurance policies, and that he did not retain any records from either Allstate or LFA. He therefore attests that he has provided the requested information to the best of his knowledge.

The Court is aware that there is likely significant overlap between these interrogatories and Defendants' third set of interrogatories, which asked Guereschi to provide details about his communications with each Restricted Person. The Court

5

recently compelled Guereschi to supplement his responses to that third set of interrogatories, ECF No. 69, and Guereschi may refer Liberty Mutual to those responses if the information sought does, in fact, overlap.

As to responses to the first set of interrogatories, Liberty Mutual claims they lack detail. Such details include, for example, the last known address and place of employment for each Restricted Person. Defendants may not be in possession of such information, and the Court only expects them to respond to the best of their knowledge.

Liberty Mutual focuses in part on its request for recorded information. Guereschi responds that any such recordings would not be in his possession, and if none was produced by Allstate then the parties should infer that the recordings do not exist. Part of the question, however, is whether such communications were recorded. If Guereschi knows of such recordings, or knows that no such recordings were made, he must supplement his response to reflect such knowledge.

Liberty Mutual also reports that Guereschi has supplemented his responses without withdrawing his initial answers. Having two sets of answers apparently gives rise to confusion. To the extent the supplemental answers are inconsistent with the initial responses, those answers supersede the prior answers.

LFA submits that it is unaware of Guereschi's contacts with any Restricted Persons. As Liberty Mutual's interrogatory asks LFA about its own communications with Restricted Persons, LFA must clarify its response on that point.

Finally, the parties question whether the interrogatory responses need to be attested to under oath. Guereschi has, on at least one occasion, attested to the answers set forth in the interrogatories as true. ECF No. 60-5 at 21. If Liberty Mutual requires additional attestations, the parties can confer and resolve that issue.

**II. Communications About Four Specific Topics**

Plaintiffs asked Guereschi and LFA to identify all communications on the four specific topics listed above. Those topics include communications about Guereschi's departure from Liberty Mutual and his subsequent sale of insurances policies. Defendants refer to their general objections and argue that those interrogatories are overly broad.

The objection is sustained, although Defendants will note that the use of general objections as to all responses is not preferred. With respect to the substance of the interrogatories, it is unreasonable to ask an insurance salesperson who obtained a new job to set forth all communications thereafter about his old job, his new colleagues, and perhaps most significantly, his sale of insurance policies.

7

## III. Communications Regarding the Agreement

The next dispute centers on Liberty Mutual's request for the disclosure of communications regarding the Agreement. Guereschi and LFA provided responses, yet their responses were not entirely consistent. Plaintiffs now ask them to explain those inconsistencies. That sort of follow-up questioning, however, is most appropriate in the context of a deposition. Moreover, because inconsistent responses from separate parties can be the result of different recollections or information, and is therefore not unexpected, the Court will not compel the two parties to reconcile their answers.

To the extent that Defendants' responses lack detail, Defendants submit that they have answered to the best of their knowledge and ability. Again, follow-up may be accomplished during depositions.

There is a question about whether Guereschi and LFA disclosed communications that occurred after receiving a cease-and-desist letter. To the extent that any such requested communications are known and have not been disclosed, the responses must be supplemented.

## IV. Retention of Contact Information for Restricted Persons

Liberty Mutual asks Guereschi and LFA to identify any documents existing prior to Guereschi's departure from Liberty Mutual concerning, for example, Restricted Persons, which

8

documents were also in their possession after Guereschi's departure. In other words, did Guereschi take any information about Restricted Persons with him when he left Liberty Mutual? The interrogatory responses state that there are no such documents.

Liberty Mutual now contends that Verizon phone records show Guereschi initiated phone contact with Restricted Persons after he left Liberty Mutual. Liberty Mutual therefore asks for supplementation and, in essence, an explanation as to how those phone numbers were obtained/retained. It is a reasonable question, does not amount to an entirely new interrogatory, and the answer should be supplemented if such documents exist. If there are no responsive documents, the explanation will have to come at a future point in discovery.

**V.   Policies Quoted to Restricted Persons**

When asked to produce documents showing persons to whom policies were quoted after Guereschi left Liberty Mutual, Defendants responded that they have no such documents. Liberty Mutual subsequently sent a subpoena to Allstate, which produced the relevant documents. Because Defendants are now in possession of the Allstate documents, Liberty Mutual contends that they must supplement their response.

To the extent that Defendants' supplemental production would only duplicate what was already provided by Allstate, the

9

Court will not compel such a duplicative effort. Nonetheless, the Allstate information does not confirm that insurance quotes were provided. To the extent Defendants are able to confirm that any person was offered a quote, that person must be identified.

**VI.   Policies Sold to Restricted Persons**

As with the policy quotes, the policies sold are apparently reflected by the documents produced by Allstate. Those documents do not need to be re-produced by Defendants, but what they represent (policies sold by Defendants) must be either confirmed or denied.

**VII. Compensation to Defendants from Policy Sales**

The Allstate subpoena response appears to have provided documents relevant to the question of compensation paid as a result of policy sales. Once again, all that is required is confirmation that those documents do, in fact, represent compensation from the sale of policies after Guereschi left Liberty Mutual.

<u>Conclusion</u>

For the reasons set forth above, Liberty Mutual's motion to compel (ECF No. 60) is granted in part and denied in part. The parties shall bear their own costs and fees with respect to this motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

DATED at Burlington, Vermont, this 14th day of April, 2023.

                                                        <u>/s/ William K. Sessions III</u>
                                                        William K. Sessions III
                                                        U.S. District Court Judge